## MT. MORRIS DRIVE-IN THEATRE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49542.    Filed November 18, 1955.

*Richard Katcher, Esq.*, for the petitioner.
*James A. Scott. Esq.*, for the respondent.

OPINION.

KERN, *Judge:* When petitioner purchased, in 1947, the land which it intended to use for a drive-in theatre, its president was thoroughly familiar with the topography of this land which was such that when the covering vegetation was removed and graveled ramps were constructed and used by its patrons, the flow of natural precipitation on the lands of abutting property owners would be materially accelerated. Some provision should have been made to solve this drainage problem in order to avoid annoyance and harrassment to its neighbors. If petitioner had included in its original construction plans an expenditure for a proper drainage system no one could doubt that such an expenditure would have been capital in nature.

Within a year after petitioner had finished its inadequate construction of the drive-in theatre, the need of a proper drainage system was forcibly called to its attention by one of the neighboring property owners, and under the threat of a lawsuit filed approximately a year after the theatre was constructed, the drainage system was built by petitioner who now seeks to deduct its cost as an ordinary and necessary business expense, or as a loss.

We agree with respondent that the cost to petitioner of acquiring and constructing a drainage system in connection with its drive-in theatre was a capital expenditure.

Here was no sudden catastrophic loss caused by a "physical fault" undetected by the taxpayer in spite of due precautions taken by it at

the time of its original construction work as in *American Bemberg Corporation*, 10 T. C. 361; no unforeseeable external factor as in *Midland Empire Packing Co.*, 14 T. C. 635; and no change in the cultivation of farm property caused by improvements in technique and made many years after the property in question was put to productive use as in *J. H. Collingwood*, 20 T. C. 937. In the instant case it was obvious at the time when the drive-in theatre was constructed, that a drainage system would be required to properly dispose of the natural precipitation normally to be expected, and that until this was accomplished, petitioner's capital investment was incomplete. In addition, it should be emphasized that here there was no mere restoration or rearrangement of the original capital asset, but there was the acquisition and construction of a capital asset which petitioner had not previously had, namely, a new drainage system.

That this drainage system was acquired and constructed and that payments therefor were made in compromise of a lawsuit is not determinative of whether such payments were ordinary and necessary business expenses or capital expenditures. "The decisive test is still the character of the transaction which gives rise to the payment." *Hales-Mullaly* v. *Commissioner*, 131 F. 2d 509, 511, 512.

In our opinion the character of the transaction in the instant case indicates that the transaction was a capital expenditure.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

RAUM, *J.*, concurring: The expenditure herein was plainly capital in nature, and, as the majority opinion points out, if provision had been made in the original plans for the construction of a drainage system there could hardly be any question that its cost would have been treated as a capital outlay. The character of the expenditure is not changed merely because it is made at a subsequent time, and I think it wholly irrelevant whether the necessity for the drainage system could have been foreseen, or whether the payment therefor was made as a result of the pressure of a law suit.

FISHER, *J.*, agrees with this concurring opinion.

---

RICE, *J.*, dissenting: It seems to me that *J. H. Collingwood*, 20 T. C. 937 (1953), *Midland Empire Packing Co.*, 14 T. C. 635 (1950), *American Bemberg Corporation*, 10 T. C. 361 (1948), affd. 177 F. 2d 200 (C. A. 1949), and *Illinois Merchants Trust Co., Executor*, 4 B. T. A. 103 (1926), are ample authority for the conclusion that the expenditure which petitioner made was an ordinary and necessary business

expense, which did not improve, better, extend, increase, or prolong the useful life of its property. The expenditure did not cure the original geological defect of the natural drainage onto the Nickolas' land, but only dealt with the intermediate consequence thereof. The majority opinion does not distinguish those cases adequately. And since those cases and the result reached herein do not seem to me to be able to "live together," I cannot agree with the majority that the expenditure here was capital in nature.

OPPER, JOHNSON, BRUCE, and MULRONEY, *JJ.*, agree with this dissent.